UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STUDIO & PARTNERS, s.r.l.,

        Plaintiff,

  v.                                          Case No. 06-C-0628

KI (formerly KRUEGER INTERNATIONAL, INC.),

        Defendant.

**ORDER DENYING MOTION FOR SANCTIONS AND GRANTING EXPEDITED MOTION FOR EXTENSION OF TIME**

Plaintiff Studio & Partners, s.r.l. ("S&P") alleges defendant Krueger International, Inc. ("KI") has, without compensation or permission, manufactured a line of furniture based on S&P's designs, and has also filed for two patents (both of which have since issued) while knowingly and falsely presenting itself as the owner and inventor of the designs. Presently before the court are KI's motion for sanctions, stemming from S&P's failure to produce a properly noticed witness, and S&P's expedited motion to extend the time for both parties to disclose expert witnesses. For the following reasons, defendant's motion will be denied, and plaintiff's, granted.

**BACKGROUND**

The factual background of this case has been summarized in a prior court order. (See Memorandum Decision and Order of December 27, 2006; Dkt #108.) Moreover, KI's motion for sanctions depends less on the factual background of the events at issue in the case than on the parties' efforts to arrange for the continued deposition of S&P's Rule 30(b)(6) witness, Torsten

Fritze, who resides in Europe. *See* Fed. R. Civ. P. 30(b)(6). In a December 12, 2006, motion hearing, this court granted KI's motion to compel Fritze's continued deposition in English with Fritze free to consult an interpreter if necessary. In so ruling, the court concluded from Fritze's education in England and work history in this country that his command of the English language was more than sufficient to permit his deposition in that language without harm or prejudice. After the motion hearing, counsel for both parties conferred in a nearby room to discuss discovery-related issues. At that time Attorney Kara Cenar, counsel for S&P, apparently indicated, in response to a request from KI's counsel, Attorney David Weber, that she would produce Fritze in Green Bay within 30 days.[1] Subsequent to the motion hearing and prior to KI's filing the instant motion for sanctions, the parties' respective counsel corresponded at length—at least eighteen times, according to documents submitted to the court—in an attempt to arrange for Fritze's deposition in Green Bay. The court will not recount all of the communications, but will merely point to a few of the more salient ones.

Concerned that S&P was slow in providing a firm date for the Fritze deposition, KI gave notice on December 20, 2006, that Fritze would be deposed in Green Bay on January 10, 2007, which was the earliest of the tentative dates S&P had offered. KI expressed its unwillingness to move or negotiate the date absent its express consent in writing, and hoped to finalize the matter before the end of the year. Responding that same day, S&P interpreted the notice as an indication

---

[1] In an e-mail to Attorney Weber, Attorney Cenar contests whether she made such a representation to him, at least as regards the "witnesses" at issue—presumably Messrs. Fritze and Emilio Torri. (Resp. Br. Ex. A at 13.) S&P has submitted affidavits of two attorneys who were present in the conference room at that time and who declare that Attorney Cenar did make such a representation regarding Fritze's continued deposition. (Decls. of Dawn M. Korver and David L. Lasee; Dkt. Nos.151, 152.)

2

that KI had overlooked S&P's proposed deposition dates, and therefore stated it would disregard the notice. S&P also indicated it would apprise KI of workable dates by the end of the week. On December 28, 2006, S&P notified KI that Fritze and Emilio Torri, another European witness whom KI wished to depose, would find later deposition dates more convenient, namely, January 17-19 or February 5-7. However, Fritze and Torri had not clarified to S&P's counsel whether the January dates would work for them. For that reason, and also owing to its other professional engagements, counsel for S&P requested the February dates.

KI continued to communicate with S&P on the matter but refused to budge from the noticed deposition date until a firm alternative date was proposed. On December 30, 2006, S&P notified KI that it had not yet heard anything from KI regarding the proposed February dates and so was going ahead with plans for them. KI again refused to budge and expressed frustration with S&P's ongoing unavailability. On January 4, 2007, S&P notified KI that neither Fritze nor S&P's counsel would be attending the noticed deposition in Green Bay on January 10, and informed KI that both Fritze and Torri planned to be in Green Bay the week of February 5th for their depositions. On January 9, 2007, S&P proposed specific dates for the depositions of Fritze and Torri. On January 12, KI filed the instant motion for sanctions pursuant to Fed. R. Civ. P. 37(d) and notified S&P that while it would take Fritze's deposition on February 5, it was preserving any objections related thereto.

The other motion presently before the court is S&P's motion to move back 30 days the March 6, 2007, deadline for disclosure of initial expert witnesses, which deadline was set by a scheduling order entered on September 18, 2006. (*See* Order of September 18, 2006; Dkt. #18.) S&P asks the court to move back that deadline in light of two other pending motions, not yet fully

3

briefed—its motion to compel the production of KI's financial information (Dkt. #125), and its motion to compel the production of documents referenced in KI's privilege log (Dkt. #136). KI does not object to the later deadline, provided that all related deadlines are extended by the same amount of time.

**ANALYSIS**

A party or a witness designated by the party under Rule 30(b)(6) who fails to appear for a deposition after receiving proper notice may be subject to any of the sanctions listed under Rule 37(b). Fed. R. Civ. P. 37(d); *see* Fed. R. Civ. P. 37(b). In determining the appropriate sanctions, the court "may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(d). The type of sanction imposed, however, must be proportionate to the objectionable conduct. *Sherrod v. Lingle*, 223 F.3d 605, 612-13 (7th Cir. 2000). Willfulness of the delinquent party is not a prerequisite to the imposition of sanctions under Rule 37(d), but it is a relevant factor. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2291 (2d ed. 1994). The party serving notice of the deposition need not attempt to confer with its opponent in an effort to obtain a response without court action before filing the motion for sanctions. *Id.* Furthermore, once a motion for sanctions under Rule 37(d) has been made, the delinquent party cannot avoid sanctions by making the response that should have been made earlier. *Id.* Finally, in lieu of any other sanction or in addition thereto, "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d).

4

Here, KI requests its costs and expenses incurred in making the motion for sanctions, and also asks the court to strike Fritze's testimony from further use in this case. In turn, S&P requests its fees and costs incurred in responding to the motion, arguing that the motion lacks a reasonable basis in law or fact.

Based upon the facts presented, I do not find KI's request for some form of sanction unreasonable. Although I view the statement by Attorney Cenar that Fritze would be produced in Green Bay within 30 days as a statement of intent rather than the kind of contractual promise that KI suggests, it was reasonable to expect S&P to quickly produce Fritze for the continuation of his deposition. Of course, as S&P points out, S&P could not make such a commitment without first consulting its client. But S&P's delay in providing firm dates is hard to fathom. S&P makes much of the fact that Fritze and Torri live in Europe, but in this day of easy global communication and air travel, that fact alone is rather weak justification for S&P's tardiness and vagueness in offering a firm deposition date. S&P's delay is also perplexing in light of the fact that S&P, as the plaintiff, would presumably want to move this case along. Given S&P's tardiness and vagueness in offering a firm date, and given that Fritze's deposition was merely a continuation of his earlier deposition, KI was not acting unreasonably when it set a fixed date. Furthermore, KI selected the earliest of the dates *suggested by S&P*.

I also find it difficult to believe that S&P did not know that KI intended to stand by the January 10th deposition date, even as KI expressed a willingness to negotiate an alternative, definitive date. KI communicated its stance on that matter quite clearly and consistently, and therefore one would think S&P would have applied to the court for a protective order or

5

enlargement of time *before* that date.[2]  *See* Fed. R. Civ. P. 6(b), 26(c).  The effort to schedule Fritze's deposition was also complicated by friction over which party would pay for an Italian interpreter at Torri's deposition, and by the parties' attempts to coordinate Fritze's deposition with those of other witnesses, including Torri and Richard J. Resch, the president and CEO of KI.

Despite these concerns, I decline to order the sanctions KI has requested.  Excluding Fritze from testifying in the case is too severe in light of the infraction.  While an order that S&P pay KI the amount of its costs and expenses incurred in making the motion would be more appropriate, I note that I refrained from ordering KI to pay S&P's attorney's fees and costs incurred in connection with the last-minute postponement of Resch's deposition, which required a return trip to Green Bay from counsel's office in Chicago.  The parties may consider it "a wash."  And while I have declined to impose sanctions on this occasion, similar problems in the future may well be treated more harshly.  The court advises counsel for both parties that they have an obligation to work out their discovery-related issues in a manner befitting their profession.

As to S&P's motion to extend the deadline for disclosure of expert witnesses, KI does not object, provided that all related deadlines are similarly extended.  KI expressed a concern that extending the initial and response expert disclosure dates might push the parties up against the close of discovery, presently set for August 30, 2007.  However, if the deadline for response expert witnesses is reset to July 6, 2007, the parties will still have nearly two months before discovery closes.  That should be sufficient time and, if not, the parties can request a short extension at that

---

[2] A party may also move the court for an enlargement of time after the deadline for required action has passed, but in that case the party must show that its failure to act was the result of excusable neglect.  *See* Fed. R. Civ. P. 6(b).  Given S&P's statement on January 4, 2007, that neither Fritze nor S&P's counsel would be attending the deposition scheduled for January 10 in Green Bay, excusable neglect would seem much more difficult to show here.

6

time. The court will therefore set back one month the deadlines for disclosure of expert witnesses, response expert witnesses, and dispositive motions. The court declines to reset the deadline for the close of discovery.

**IT IS THEREFORE ORDERED** that defendant's motion for sanctions pursuant to Rule 37(d) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend the deadline for disclosure of expert witnesses is **GRANTED**, as modified below. The court sets the following deadlines:

1. The deadline for disclosure of expert witnesses is April 6, 2007.

2. The deadline for filing dispositive motions is June 1, 2007.

3. The deadline for disclosure of response expert witnesses is July 6, 2007.

Dated this ___9th___ day of March, 2007.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge