UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STUDIO & PARTNERS, s.r.l.,

    Plaintiff,

v.                                                     Case No. 06-C-0628

KI (formerly KRUEGER INTERNATIONAL, INC.),

    Defendant.

## ORDER DENYING MOTION TO COMPEL

Plaintiff Studio & Partners, s.r.l. ("S&P") has filed a motion to compel discovery of financial information from KI relating to its sales of office furniture products that S&P alleges are based on S&P designs. S&P also seeks an order compelling KI to re-designate certain financial documents from "Confidential – Attorney's Eyes Only" to "Confidential" so that its attorneys can meaningfully discuss damages and potential settlement with its corporate representative.

In support of its motion for production of financial information, S&P relies on its interrogatory number four, which was served on KI on September 5, 2006, and states "Identify the gross revenues and net profit of all KI products . . . including, but not limited to, products in the 'Einstein' and/or 'Intellect' line for each month of each year from the date they were first sold and/or marketed to present." KI responded to interrogatory number four by providing S&P total month-by-month sales figures for "all products in the Einstein and Intellect lines." S&P later requested a product-by-product breakdown of the information, as well as additional financial information, in the course of the deposition of KI's CFO. KI initially refused to produce the further

information without a formal interrogatory requesting it, but ultimately did comply with S&P's request. KI also produced other information that S&P requested informally in the course of its deposition of KI's CFO.

To the extent S&P's motion seeks to compel KI to respond to its Interrogatory No. 4, it will be denied. S&P asked for gross revenues and net profit of "all KI products," not each KI product, and that is what KI initially provided. S&P's informal request for the production of documents during a deposition does not constitute a formal discovery demand that can properly serve as the basis for a motion to compel. As one district court has observed,

> The local litigation culture often utilizes informal requests to produce documents which are made at depositions, and most times these informal requests are honored. Nevertheless, Americable's informal request for production of documents made at a deposition is not recognized as an appropriate discovery request under the federal rules, i.e., such a discovery vehicle does not exist under the Federal Rules of Civil Procedure. Americable's motion to compel is thus inappropriate and is denied for this reason.

*Roberts v. Americable Intern., Inc.*, 883 F. Supp. 499, 501 n.2 (E.D. Cal. 1995). The same conclusion follows here.

This is not to say that an attorney's refusal to comply with a reasonable request for discovery simply because it was not made in strict conformity to the federal rules is praiseworthy or even reasonable. Most lawyers cooperate with their adversaries by responding to informal discovery requests in order to avoid the delay and expense of making formal requests. Cooperation by one party is generally reciprocated by the other, thereby saving time and expense to both the parties and the court presiding over the case. Unfortunately, the record in this case reflects an inability or refusal on the part of counsel for one or both parties to work cooperatively in an effort to serve both the interests of their clients and the profession they serve. Counsel for KI asserts that he refused to

comply with S&P counsel's informal request because it was phrased in terms of KI having a duty to supplement its answers to S&P's interrogatories, as opposed to a new request for information. Counsel for KI also complains that S&P's discovery demands are excessive and unending, and at the same time, that S&P has failed to respond to KI's informal requests for discovery in a timely manner.

This court has neither the time, nor the inclination, to go back and delve each complaint one side has had against the other since the case was commenced. If the problems continue, however, and an appropriate record is made, the court will not hesitate to impose sanctions. In the vast majority of cases that come before the court, there is no need to take such action. Counsel simply get along. Counsel for both sides should seriously consider why that is not happening here. Any attorney who is repeatedly involved in such disputes with opposing counsel in case after case has a duty to carefully reflect on his or her own behavior.

Finally, S&P's request that KI be ordered to re-designate financial records and information from "Confidential – Attorney's Eyes Only" to "Confidential" so that it can be provided to S&P's corporate representative will be denied at this time. S&P may, as KI has already agreed, show summaries of the annual sales figures to Mr. Fritze on a confidential basis. The summaries may also include a product-by-product breakdown. But neither the KI documents themselves, nor further detail, shall be shared with Mr. Fritze at this time. The record as it now stands does not reveal why Mr. Fritze is in need of further detail to meaningfully discuss the case with counsel. Both parties have supported their respective positions with conclusory arguments lacking the specificity required for detailed analysis. If S&P believes that further disclosure to Mr. Fritze is necessary, it may, after first making a good-faith effort to resolve the matter with KI, bring the matter back to court. On the record now before the court, however, the limited disclosure set forth above appears sufficient.

**IT IS THEREFORE ORDERED** that S&P's motion to compel (Doc. # 125) is denied, except that S&P may show Mr. Fritze summaries of the annual sales figures for KI's products, including a product-by-product breakdown.

Dated this   22nd   day of March, 2007.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge