# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

STUDIO & PARTNERS, s.r.l.,

        Plaintiff,

    v.                                         Case No. 06-C-0628

KI (formerly KRUEGER INTERNATIONAL, INC.),

        Defendant.

---

## ORDER DENYING MOTION FOR RULE 37 SANCTIONS

---

Plaintiff Studio & Partners, s.r.l. ("S&P") filed a motion for sanctions against defendant KI pursuant to Fed. R. Civ. P. 37. S&P contends that sanctions should be imposed because KI 1) failed to appear for a court-ordered Rule 30(b)(6) deposition; 2) failed to produce a witness for a scheduled deposition; and 3) withheld numerous documents as privileged but failed to produce a proper privilege log that would allow S&P to assess the claim of privilege. Based on KI's purported failure to allow discovery, S&P seeks an order striking KI's privilege log and compelling production of all documents referenced by it. Alternatively, S&P requests a determination by the court that KI failed to properly identify S&P in its filings with the Patent and Trademark Office as one of the inventors on the patents that S&P contends KI obtained on S&P's design and, thus, is liable to S&P in damages therefor.

S&P's motion will be denied. Rule 37(b) authorizes the court to impose sanctions when a party violates an order compelling discovery pursuant to Rule 37(a). *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994) ("The rule's plain language limits its applicability to situations where a court order has been violated."). No such order has been entered in this case. Contrary to S&P's

contentions, the docket reflects no order entered by the court directing KI to appear for a Rule 30(b)(6) deposition. It appears from KI's response to S&P's motion that KI produced its CFO, Mark Olsen, as its Rule 30(b)(6) witness on all of the topics that S&P listed in its notice. Olsen was apparently produced early on in the case before many of the relevant documents were produced. S&P questioned Olsen for more than the seven hours normally allowed for a deposition, but apparently wishes to question him further based on the additional documents that have been produced. S&P may well be entitled to question Olsen further given that he has been designated the corporate representative on all of the topics noticed and that additional documents have been produced since he was first deposed. But no order to that effect has been entered by the court. KI's failure to produce him for another round of questioning is therefore not sanctionable under Rule 37.

The same is true with respect to KI's failure to produce another of its employees, Michael Novitski, for a scheduled deposition. No order was entered by the court and, apparently, no notice of deposition was ever served on KI. KI denies there was even an informal agreement to produce Novitski on the date S&P claims. In any event, Novitski has since been produced and his deposition completed. Under the circumstances, there is no basis for sanctions under Rule 37.

Finally, with respect to S&P's claim that KI improperly withheld documents and failed to adequately describe the withheld documents in its privilege log, KI notes that it has provided S&P with a revised privilege log that provides the necessary description. In fact, since S&P filed its motion for sanctions, KI has revised its privilege log twice. Although the revised log was not produced as soon as KI indicated it would be, KI contends that the volume and breadth of S&P's discovery demands, combined with the fact that some of the documents were in foreign languages, made the task more difficult than it initially anticipated. KI also contends that its revised privilege

2

log provides more detail that S&P's, which fails even to set forth the bates ranges to allow KI to reference the withheld documents.

I am satisfied that KI has now produced a privilege log that appears to sufficiently describe the documents it has withheld and the reasons for doing so. While S&P contends that it is still unable to locate certain documents relevant to the case that have not been produced, it has made no effort to confer with KI on the matter. Given KI's efforts to comply, S&P should confer in good faith regarding any deficiencies it believes still exists and, only if it is unable to resolve the differences, seek involvement by the court. In any event, the sanction it seeks is neither authorized on this record nor appropriate. This motion (Doc. # 136) is therefore denied.

Dated this _____22nd_____ day of March, 2007.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

3